Katherine Hendrix (Bar No. 336792)
The Humane Society of the United States
1255 23rd St. NW, Suite 450
Washington, D.C. 20037
khendrix@humanesociety.org
(617) 872 0558

*Attorney for Applicants*
*The Humane Society of the United States, Humane Society International, and the Center for Biological Diversity*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOT BARN, INC., a Delaware Corporation, and DAN POST BOOT COMPANY, a Tennessee Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General for the State of California,<br><br>Defendant. | Case No. 2:22-cv-02105-KJM-CKD<br><br>**APPLICANTS' REPLY IN SUPPORT OF MOTION TO INTERVENE**<br><br>The Honorable Kimberly J. Mueller<br>Date: August 11, 2023<br>Time: 10:00am<br>Courtroom 3 |

## I. **INTRODUCTION**

The Humane Society of the United States, Humane Society International, and the Center for Biological Diversity (collectively, "Applicants")[1] seek to intervene in this case in order to protect their substantial interests in upholding legislation they have supported, protecting wildlife threatened by the invalidation of this statute, and ensuring the success of ongoing and future legislative efforts to which they have devoted substantial organizational resources. Rather than fully engaging with these arguments under the standard for intervention, Plaintiffs repeatedly attempt to characterize Applicants' explanation of these interests as evidence that Applicants will insert unnecessary facts into, expand the scope of, and otherwise operate to delay these proceedings. ECF No. 20 at 1-2, 8, 9-10. But Applicants have no intention or motivation to interfere with the orderly disposition of this case (and in fact facilitated orderly disposition of similar litigation as intervenor-defendants in other cases, challenging the same law, that recently concluded in this Court). The Court should reject Plaintiffs' baseless suggestions to the contrary.

Because Applicants meet the legal standard for intervention of right in the Ninth Circuit—including demonstrating that the State does not adequately represent their interests—their motion should be granted. In the alternative, Applicants respectfully request this Court exercise its discretion to grant permissive intervention, which would allow Applicants to protect their undisputed interests without delay or prejudice to any party, while lending their significant experience and expertise in this area—as demonstrated only recently in *April in Paris v. Bonta*, No. 2:19-cv-02471-KJM-CKD (E.D. Cal. Jul. 11, 2023), ECF No. 87—to the Court.

---

[1] Applicants adopt and incorporate the same naming conventions as adopted in their Motion to Intervene, ECF No. 17.

Case No. 2:22-cv-02105-KJM-CKD
REPLY IN SUPPORT OF APPLICANTS' MOTION TO INTERVENE

## II. ARGUMENT

A. Applicants Have Met the Standard for Intervention of Right

Applicants are entitled to intervene of right under Rule 24(a). Plaintiffs do not dispute that the motion is timely. ECF No. 20 at 2. Despite Plaintiffs' protestations to the contrary, Applicants meet the remaining prongs of the test as well.

1. *Applicants Have Multiple Significant Protectable Interests in Section 653o*

Applicants explained in their motion that they have "significantly protectable" interests in "the subject of [this] action," *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001), because they "seek to defend the legality of the statute they supported," ECF No. 17 at 10, hold "organizational interests in preserving and protecting wildlife species," including both those species whose protections are directly at risk in this case and other species protected under the law which may be threatened by a negative outcome in this case, *id.* at 11, and both have devoted and continue to devote "tremendous organizational resources to advocating for legislation to curb wildlife trafficking" that "operate[s] substantially similar to the challenged statute, such that a judgment overturning [Section 653o] would directly and gravely implicate [its] . . . constitutionality and enforceability," *id.* at 14. Ignoring the majority of these points, Plaintiffs attempt to improperly narrow the scope of the inquiry, questioning 1) "Applicants' involvement with the state legislative process leading to A.B. 1260's passage," and 2) Applicants' "institutional focus on Teju, Ring, and Nile lizards *specifically*." ECF No. 20 at 2 (emphasis added). But neither is necessary to show a "significantly protectable interest" in the outcome of this case. Rather, the Ninth Circuit recognizes "that a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006); s*ee* ECF No. 17 at 10-11

(discussing standard for and examples where organizations had such protectable interests in government actions). Applicants have met this standard. *See id.* at 10-14.

Nevertheless, Applicant Humane Society of the United States *did* lobby for and promote the passage of A.B. 1260, including by sending a letter of support to the Chair of the Senate Appropriations Committee, asking for the committee members' support of the bill and explaining how the animals (now) protected by the legislation are often captured from the wild and "laundered" as captive-bred animals, kept in unsanitary conditions without veterinary care, and skinned alive before dying slowly over the course of hours. Declaration of Heather Carpenter ¶¶ 2-4.[2] Applicants have also previously outlined their "institutional focus" on the lizard species at issue here, which has included dedicating staff time and resources to protect these specific species, Cummings Decl. ¶ 5, "urg[ing] fashion retailers and manufacturers to abandon the use and sale of handbags, belts, shoes, and other products made from the [species'] skin," ECF No. 17 at 5, "educat[ing] the public as to the impacts of trade" in these skins, Smith Decl. ¶ 4, encouraging and assisting consumers in avoiding purchasing products made from these skins, *id.*, and campaigning to enact a country-wide ban on the import of such skins, ECF No. 17 at 6. The fact that Applicants hold an interest in protecting *all* lizard species used for their skins does not mean that they lack an interest in or focus on the three *particular* species whose skins Plaintiffs happen to wish to profit off of. Plaintiffs also do not dispute that the outcome of this case "may . . . impair or impede" Applicants' interests. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 817.

---

[2] This declaration testimony directly responds to Plaintiffs' arguments that Applicants do not have a protectable interest. ECF No. 20 at 2. *Flowers-Carter v. Braun Corp.*, 530 F. Supp. 3d 818, 853 (D. Ariz. 2021), *reconsideration denied,* No. CV-18-03836-PHX-DWL, 2021 WL 1561504 (D. Ariz. Apr. 21, 2021), and *motion to certify appeal denied,* No. CV-18-03836-PHX-DWL, 2021 WL 2416805 (D. Ariz. June 14, 2021) (a movant may "file 'rebuttal' evidence to contravene arguments first raised by the non-moving party in its opposition . . . it is immaterial that [the movant] already had this evidence in its possession at the time it filed i[t]s motion . . .").

2. *Applicants Have Overcome Any Presumption that the State Will Adequately Represent their Interests*

Rule 24(a) "presents proposed intervenors with only a minimal challenge: It promises intervention to those who bear an interest that may be practically impaired or impeded 'unless existing parties adequately represent that [same] interest.'" *Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2195 (2022) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972)). Even the presumption in the Ninth Circuit that a government defendant adequately represents an applicant's interests is overcome when an applicant "establish[es] that [the State] will *not* '*undoubtedly* make *all* of [the] proposed intervenor's arguments.'" *W. Watersheds Project v. Haaland*, 22 F.4th 828, 841 (9th Cir. 2022) (quoting *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011)) (emphasis added).

Applicants' suggestion that Defendant may adopt a limiting construction of Section 653o is neither "speculation," ECF No. 20 at 5, nor "just a theoretical possibility," *Lockyer*, 450 F. 3d at 444, when the Defendant "*has already done so*," *id.* (emphasis added). Contrary to Plaintiffs' assertion, the State *has* "actually argued before this court for a narrower construction of the statute" at issue here. ECF No. 20 at 6 (quoting *Pickup v. Brown*, No. 2:12-CV-02497-KJM, 2012 WL 6024387, at *3 (E.D. Cal. Dec. 4, 2012)); Opp'n Prelim. Inj. at 4, *April in Paris v. Bonta*, No. 2:19-cv-02471-KJM-CKD (E.D. Cal. March 13, 2020), ECF No. 37 (arguing that Section 653o imposes "a ban only on purely intrastate sales"). In the cases relied on by Plaintiffs, there was no such evidence of the government's adoption of a narrowed construction. *See Prete v. Bradbury*, 438 F.3d 949, 958 (9th Cir. 2006) ("Yet neither plaintiffs nor defendant have argued for a narrowing construction of Measure 26, and Measure 26 does not seem susceptible to any narrowing construction."); *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841–42 (9th Cir. 2011) ("[Applicant] fears that the federal defendants might . . . urge the court to construe the statutes in a narrow way that would reduce the value of the exemption. But

[applicant] has presented no evidence that the federal defendants actually have urged a narrow interpretation of the challenged statutes . . ."). When the State "take[s] a position that actually compromises (and potentially eviscerates) the protections of" the statute at issue, "the presumption that the [government] will act in [Applicants'] interest" is overcome. *Lockyer*, 450 F.3d at 444-45; *see also Jackson v. Abercrombie*, 282 F.R.D. 507, 518 (D. Haw. 2012) (finding presumption of adequacy of representation overcome when the state has previously taken an "opposing position[]" on the statute). When, as here, the existing government defendant "has taken a more limited position" on the statute and Applicants "ha[ve] interests in the [subject of the litigation] independent of the [government defendant's] . . . the Defendant does not adequately represent the [Applicants] for the purposes of preventing the [Applicants] from intervening as a matter of right." *Cemex, Inc. v. Cnty. of Los Angeles*, 92 F. App'x 457, 460 (9th Cir. 2004).[3]

Despite Plaintiffs' repeated attempts to change the relevant standard, Applicants are not required to show "that the Defendants [sic] *will not* adequately represent Applicants' interests." ECF No. 20 at 5 (emphasis added), and also at 1, 3, 6. Rather, "[i]t is sufficient for Applicants to show that, because of the difference in [their] interests, it is *likely* that Defendant[] will not *advance the same arguments* as Applicants." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 824 (emphasis added); *see California Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 308 (E.D. Cal. 2011) (where "the parties' interests are neither 'identical' nor 'the same' . . . [the] presumption of adequacy can be overcome by showing the parties 'do not have sufficiently congruent interests.'" (citing *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823)).

---

[3] Contrary to Plaintiffs' suggestion, ECF No. 20 at 3, such concessions of a particular reading of a statute and differences in breadth of intended application of enforcement of a statute "are far more than differences in litigation strategy," *Lockyer*, 450 F.3d at 444. Rather, "[t]hey go to the heart of the defense of the [statute]," *id.*, and "demonstrate[] the fundamentally differing points of view between Applicants and the [government] on the litigation as a whole," *Citizens for Balanced Use*, 647 F.3d at 899.

    While Defendant's goal is to see Section 653o upheld, by any means necessary, and to preserve its own authority to enact such a law, Applicants have far more specific interests in the statute. Applicants rely on Section 653o for its actual purpose: to promote conservation and protection of the imperiled species it covers, and they are deeply concerned about the implications of the outcome of this litigation for other CITES-listed species and other state and local animal protection measures. ECF No. 17 at 13-14. Applicants also have a specific interest in the precise manner this case is resolved, because of their extensive efforts across the country to enact legislation that operates similarly to Section 653o. *Id.* at 17-18. Because of these differences in interests, Applicants may seek meaningfully different outcomes than Defendant, such as a ruling that would support state and local protections for CITES-listed species, including those outside the state of California and including laws that do not operate precisely the way that Section 653o does. *See California Valley Miwok Tribe v. Salazar*, 281 F.R.D. 43, 48 (D.D.C. 2012) (distinguishing *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009), where applicant's participation and goals in the litigation were separately motivated by interests other than the mere "judicial affirmance" sought by the government). If Section 653o is invalidated, Applicants "will suffer a loss unique to them," not shared by Defendant. *California Hosp. Ass'n v. Maxwell-Jolly*, No. CV 09-3694 CAS MANX, 2009 WL 4120725, at *3 (C.D. Cal. Nov. 23, 2009); *see also Black & Veatch Corp. v. Modesto Irr. Dist.*, Civ. No. 11-00695, 2011 WL 4842319, *12 (E.D. Cal. Oct. 12, 2011) (finding that representation was inadequate because proposed intervenors would suffer damages existing parties in the litigation would not).

    Applicants have thus made a compelling showing to raise "sufficient doubt about the adequacy of representation to warrant intervention." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 824 (quoting *Trbovich*, 404 U.S. at 538). Indeed, unless the Court is "*undoubtedly*" sure that the State will make all of Applicants' arguments, Applicants have overcome any presumption of

adequacy of representation. *W. Watersheds Project*, 22 F.4th at 841 (emphasis added). Moreover, "[a]ny doubt as to whether the existing parties will adequately represent the intervenor should be resolved in favor of intervention." *California Dump Truck Owners Ass'n*, 275 F.R.D. at 307.

B. <u>Applicants Should Be Granted Permissive Intervention Even if Not Entitled to Intervention of Right</u>

Under Rule 24(b), a court may exercise its discretion and grant permissive intervention when there is "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc.*, 644 F.3d at 843. Plaintiffs do not dispute that Applicants meet the first two of these three requirements. ECF No. 20 at 6.

1. *Applicants' Intended Defense of Section 653o Shares a Common Question of Law with this Case*

Plaintiffs suggest that Applicants do not meet the first prong of the standard for permissive intervention—a "common question of law or fact"—because they have not "explained [their] intended arguments" or "indicated that their legal defenses will be based on the same legal arguments as the Defendant's." ECF No. 20 at 7. But they are not required to do so. When establishing a common question of law or fact, "the question . . . is whether the applicants to intervene assert a claim or defense in common with the main action." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

Here, Applicants seek leave to intervene in defense of a California animal protection law, Section 653o, from challenges arising under the United States Constitution. *See* ECF No. 1 at 2. Applicants' proposed defense plainly shares a common question of law with the present case: explicitly, whether Section 653o as applied to Teju, Ring, and Nile lizards is unconstitutional. Put simply, if Applicants are granted intervention, they intend to argue that it is not, under any of the

theories put forward in Plaintiffs' Complaint. *See Pickup v. Brown*, No. 2:12-CV-02497-KJM, 2012 WL 6024387, at *4 (E.D. Cal. Dec. 4, 2012) (proposed intervenor "shares a common question of law with the current action because it plans to defend the constitutionality of [a state statute], the subject of the dispute between plaintiffs and the state defendants.").

As to Plaintiffs' concerns, it would of course be impossible to explain in detail Applicants' intended arguments in response to a motion that has not yet been filed. *See* ECF No. 18 (setting August 4, 2023, as the deadline for Plaintiffs' Motion for Summary Judgment). And the requirement of a common *question* of law does not require common answers; intervenor-defendants are not required to offer the same "legal arguments," ECF No. 20 at 7, as the original defendant. To the contrary, if Applicants asserted defenses "highly duplicative of those already alleged . . . existing parties [would] adequately represent [their] interest[s]," *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-00406-AJB-DDL, 2023 WL 25717, at *2 (S.D. Cal. Jan. 3, 2023), and Applicants' utility to the Court would be greatly reduced.[4]

Because Applicants seek to defend the constitutional claims against Section 653o on constitutional grounds, the requirements for permissive intervention are met.

2.  *The Court Should Exercise its Discretion to Grant Applicants Permissive Intervention*

Allowing Applicants permissive intervention will provide them with the opportunity to offer additional legal analysis and information to assist in the Court's disposition of this case. *See generally* ECF No. 17 at 20. Applicants have demonstrated their ability to proffer this kind of assistance, which the Court relied on throughout the resolution of *April in Paris v. Bonta*.

---

[4] Applicants are unsure as to how they even could provide a defense to the constitutional claims against the challenged statute that would not be "limited solely to the constitutionality of the challenged statutes." ECF No. 20 at 7. To the extent that it clarifies things: As this case is limited to the constitutionality of Section 653o, any briefs that Applicants may be allowed to offer will of course address only the constitutionality of Section 653o.

Plaintiffs' suggestions that Applicants' participation would "unnecessarily expand and delay this proceeding," ECF No. 20 at 8, are without merit. Plaintiffs confuse Applicants' explanation of their interests in this litigation for purposes of meeting the legal standard for intervention of right—as required under this Circuit's precedent—with Applicants' intended future filings. Applicants' motion addresses, *e.g.*, "the nature of wildlife trade in all reptiles" and "the impacts of Section 653o on all other listed species," ECF No. 20 at 8, not because Applicants intend to inject these issues into later merits briefing, but because they illuminate Applicants' interests in the litigation and, therefore, the standard for intervention. Applicants do not intend, nor do they have any reason to, deviate from the narrow question of constitutionality of Section 653o as applied to Teju, Ring, and Nile lizards in any future filings, should they be granted intervention, either of right or under the Court's discretion. Plaintiffs' suggestions otherwise are misleading.

Regarding the "delay" Plaintiffs worry about, ECF No. 20 at 8, Applicants have already assured all parties that they would "abide by the briefing and hearing schedule as set by the Court (and do not object to the briefing schedule for summary judgment proposed by the parties . . .)," ECF No. 17 at 9, which has since been adopted, ECF No. 18. Applicants reiterate that assurance now. Moreover, Applicants respectfully submit that their participation in a recent matter before this Court, *April in Paris v. Bonta*, not only did not prejudice or delay the proceedings, but in fact allowed the Court to make more fully informed judgments. *See, e.g.,* Order and Related Case Order at 2, *April in Paris v. Bonta*, No. 2:19-cv-02471-KJM-CKD (E.D. Cal. June 29, 2023), ECF No. 85 (citing Applicants' arguments favorably and adopting many of their recommendations over the plaintiffs' in the final order in that case); *id.* at 3 (same); *id.* at 4 (same).

Applicants will stipulate to abide by the same deadlines as Defendant, to file jointly (meaning one filing on behalf of all Applicants, but not jointly with Defendant), and to not seek discovery from Plaintiffs.

Plaintiffs' request that Applicants' intervention, if granted, be limited "to the specific issue of interstate commerce (Count II)," ECF No. 20 at 9, however, should be denied. Applicants' interests and expertise lie in the defense of Section 653o *on any grounds*. Neither their interests nor their expertise varies between Plaintiffs' claim that the statute is preempted and Plaintiffs' claim that the statute violates the dormant Commerce Clause. Again, Plaintiffs attempt to shoehorn Applicants' stated interest in the *subject of the litigation* into an unfounded argument that Applicants will waste this Court's time and resources by focusing on "extraneous facts." *Id.* In reality, Applicants seek only to defend Section 653o on the grounds on which it was challenged—each of them—in order to ensure that their interests are adequately represented and to assist the Court in reaching a just and proper resolution of this matter. Applicants have a substantial interest in the defense of the statute, regardless of the grounds on which it is challenged, and they bring substantial experience and expertise in both litigation of dormant Commerce Clause challenges and preemption arguments, specifically regarding the interplay of state, federal, and international law, including the Endangered Species Act and the Convention on International Trade in Endangered Species of Fauna and Flora ("CITES"). *See generally* ECF No. 17 at 6-7, 18, 20.

### III. <u>CONCLUSION</u>

For all the reasons discussed herein, Applicants respectfully request that their motion to intervene as of right be granted, or, in the alternative, that they be allowed permissive intervention under the Court's discretion. Applicants stipulate they will follow the briefing schedule set by the Court, file jointly (amongst themselves, not jointly with the Defendant), and not seek discovery.

| | | |
|---|---|---|
| 1 | **DATED**: July 20, 2023 | Respectfully submitted, |

                                          /s/ Katherine Hendrix
                                         Katherine Hendrix (Bar No. 336792)
                                         The Humane Society of the United States
                                         1255 23rd St. NW, Suite 450
                                         Washington, D.C. 20037
                                         khendrix@humanesociety.org
                                         (617) 872 0558

*Attorney for Applicants*
*The Humane Society of the United States,*
*Humane Society International, and the*
*Center for Biological Diversity*